UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

          Plaintiff,

v.                                   Case No. 3:23-cv-1125-BJD-SJH

TIFANI S. KNOX, *et al.*,

          Defendants.

_____

**ORDER**

    Plaintiff, James T. Murzike, an inmate of the Florida penal system who is proceeding as a *pauper*, initiated this action by filing a *pro se* Complaint for Violation of Civil Rights (Doc. 1; Complaint). The Complaint appeared to raise claims of excessive use of force, sexual assault, retaliation, deprivation of personal property, poisoning, etc., against at least thirty-nine Defendants based on events that occurred during Plaintiff's incarceration at Union Correctional Institution (Union C.I.) between July 26, 2022 and October 25, 2023.[1] Doc. 1 at 2–5; Doc. 1-1 at 2–33.

    Observing that Plaintiff's averments were "not simple, concise, and direct" and that much of Plaintiff's allegations were "illegible or fantastical and

---

[1] Because of Plaintiff's inconsistent use of dates, it is unclear whether the events alleged in the Complaint took place in 2022 or 2023.

delusional," on October 25, 2023, the Court entered an Order directing Plaintiff to file an amended complaint. Doc. 8 at 1, 5. The Court explained:

> Plaintiff's [C]omplaint is deficient because his allegations are not short and plain, and he joins multiple, unrelated claims against 40 Defendants in a single action. Aside from the common allegation that the series of events occurred at the same location, Plaintiff alleges no facts showing a "logical relationship" between the separate claims. As such, it is not apparent his separate claims may be joined in one complaint.
>
> Additionally, some of Plaintiff's purported claims are not cognizable under 42 U.S.C. § 1983 or not plausible as alleged. For instance, to the extent Plaintiff seeks to challenge disciplinary charges that have not been overturned or expunged, such a claim is not cognizable in a civil rights action.
>
> As to the allegations of property destruction, Plaintiff is advised that an intentional or negligent deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful post[-]deprivation remedy for the loss is available." As to the allegations of retaliation, Plaintiff does not provide facts supporting his conclusory allegations (i.e., the type of speech in which he engaged, when he engaged in the speech, and how that speech caused an adverse action).
>
> . . .
>
> If Plaintiff chooses to amend his complaint, he should focus on one claim or related claims that properly may be joined under Rule 20. He should explain how each named Defendant violated his rights *and* injured him, and he should omit extraneous facts or a diary-like explanation of events. . . .
>
> The Court further advises Plaintiff that courts generally will not interfere with matters of prison administration, including an inmate's custody status or his place of incarceration.

*Id.* at 2 (emphasis in original; footnote and internal citations omitted).

After receiving extensions of time, Plaintiff filed his Amended Complaint against the following Defendants in their individual capacities: (1) Assistant Warden Tifani S. Knox; (2) Sgt. Newman; (3) Sgt. Blue; (4) Correctional Officer S. Cotton; (5) Correctional Officer Ferran; (6) Correctional Officer V. Hazel; (7) Correctional Officer Andy; (8) Correctional Officer White; (9) Sgt. Stockling; (10) Correctional Officer J. Crosby; (11) Correctional Officer J. Taylor; (12) Correctional Officer Walker; (13) Nurse Lee, LPN; (14) Nurse Thomas, LPN; and (15) Sgt. Phillips.[2]  Doc. 20 at 2–5.  Plaintiff alleges that Defendants' actions or inactions violated his First, Eighth, and Fourteenth Amendment rights based on events that occurred at Union C.I. on July 26–27, 2022.  *Id.* at 2–16.

Construing the Amended Complaint liberally, it appears to raise the following claims:

- excessive use of force, assault, battery, and gross negligence (against Stockling, Cotton, Ferran, Newman, Blue, Hazel, White, Taylor, and Andy);

- sexual assault/battery (against Taylor, Andy, and Newman);

- failure to intervene and to report the physical and sexual abuse (against

---

[2] The Amended Complaint refers to this Defendant as either "Phillip" or "Phillips."

3

Lee, Thomas, and Walker);

- deliberate indifference for failure to protect Plaintiff and to properly train subordinates (against Knox);

- deliberate indifference to serious medical needs for failure to provide medical treatment to Plaintiff, to document his injuries, and to refer him to another medical provider (against Thomas, Lee, and non-party Nurse Jane Doe);

- deprivation of personal property to hinder Plaintiff's access to the courts and to retaliate against him for filing prior lawsuits and grievances (against White, Crosby, Phillips, Walker, Newman, Andy, and non-party Green); and

- food tampering/poisoning and/or deprivation of Kosher diet in retaliation for Plaintiff's rejection of homosexual favors and filing grievances (against unidentified parties).

*Id.* In the Amended Complaint, Plaintiff asks for compensatory and punitive damages; court costs, fees, and medical costs; federal and state indictments; a declaratory judgment concerning Defendants' retaliation; an injunction for the return of his property, Kosher diet, falsified disciplinary reports,[3] and with

---

[3] The Amended Complaint seems to mention disciplinary reports only in passing.

4

respect to the physical and sexual abuse; appointment of counsel; an order transferring him to an institution in South Florida; and an order to compel Defendants to provide his medical records from July 26, 2022 to the present. *Id.* at 17–18.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

5

rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

In assessing a *pro se* party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam). However, the duty of a court to construe *pro se* pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corrs.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Pursuant to this Court's screening obligation, the Amended Complaint will be dismissed without prejudice, subject to Plaintiff's right to file a second amended complaint if he so chooses. The Amended Complaint fails to state a claim to relief that is plausible on its face and fails to comply with the pleading standards of Federal Rule of Civil Procedure 8(a) and (d). First, the factual allegations are not "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and Plaintiff still fails to "separate each cause of action or claim for relief into a different count," *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021). Moreover, Plaintiff still attempts to bring unrelated claims without showing a logical relationship between them. For example, Plaintiff's claims of food tampering/poisoning and/or deprivation of Kosher diet are unrelated to his claims of excessive use or force, sexual assault, and deliberate indifference, which in turn are unrelated to his claims of property deprivation. In addition, with respect to his food related claims, Plaintiff does not identify when, how, and by whom he suffered the alleged deprivation. If Plaintiff chooses to amend his pleading, he should focus on one claim or related claims that may be joined under Federal Rule of Civil Procedure 20. Claims that are not logically related to those arising out of the July 26–27, 2022 incident must be pursued in a

separate civil rights action.[4]  He should also explain how *each* Defendant

violated his rights and how *each* Defendant injured him.

Moreover, as the Court previously advised Plaintiff both in this case and

in his other cases filed in this Court, some of his purported claims are not

cognizable under 42 U.S.C. § 1983 or not plausible as alleged.  Any claims

premised on violation of state law are not cognizable under 42 U.S.C. § 1983.

Any negligence claims are also not cognizable, because the law is well-settled

that the Constitution is not implicated by a defendant's negligent acts.  *Daniels*

*v. Williams*, 474 U.S. 327, 330–31 (1986); *Davidson v. Cannon*, 474 U.S. 344,

348 (1986) ("As we held in *Daniels*, the protections of the Due Process Clause,

---

[4] Recently, in dismissing without prejudice one of Plaintiff's cases, the Court stated:

> Murzike is not incapable of at least attempting to comply with Court orders by narrowing his claims to those that are related.  He has initiated numerous civil rights actions in this Court, *see* Order (Doc. 2), Case No. 3:24-cv-243-WWB-LLL (listing Murzike's pending cases as of March 15, 2024), and the Court has previously advised him of the federal pleading standards in the context of ordering him to amend, *see, e.g.*, Order (Doc. 10), Case No. 3:24-cv-162-HES-MCR; Order (Doc. 8), Case No. 3:23-cv-1125-BJD-JBT; Order (Doc. 7), Case No. 3:23-cv-98-BJD-PDB; Orders (Docs. 9, 22), Case No. 3:23-cv-638-MMH-MCR.  In at least two of those cases, Murzike filed amended pleadings that were deemed sufficient to serve.  *See* Order (Doc. 17), Case No. 3:24-cv-162-HES-MCR (directing service of Amended Complaint); Order (Doc. 22), Case No. 3:23-cv-98-BJD-PDB (directing service of Amended Complaint).

Doc. 28 at 7 n.3 in Case No. 3:23-cv-630-MMH-LLL.

whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Further, the Court previously advised Plaintiff that an intentional or negligent deprivation of personal property does not constitute a Fourteenth Amendment due process violation when a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (per curiam); *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009).   In Florida, an action for conversion provides such a meaningful remedy.   *Jackson*, 569 F. App'x at 698 (citing *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009)).   Nevertheless, Plaintiff chose to include property deprivation claims in his Amended Complaint.   As stated earlier, these claims are unrelated to the predominant claims of excessive use of force, sexual assault, and deliberate indifference alleged in the Amended Complaint.   To the extent Plaintiff alleges that Defendants deprived him of his personal property in order to hinder his access to the courts, he does not plausibly allege that he was denied access to the courts. *See Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." (internal quotation marks and citations omitted)).

Further, Plaintiff's claims against Assistant Warden Knox are inadequately pled. Plaintiff attempts to bring a deliberate indifference claim against Knox for her failure to protect him from the attacks. However, Plaintiff does not plausibly allege that Knox was subjectively aware of a substantial risk of serious harm to which she failed to respond in an objectively reasonable manner. As explained in *Bowen*:

> Deliberate indifference in the context of a failure to prevent harm has a subjective and an objective component, i.e., a plaintiff must show both "that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm" and "that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (alterations in original) (internal quotation marks omitted). Not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, a prison official violates the Eighth Amendment in this context only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell*, 748 F.3d at 1099 (emphasis omitted) (internal quotation marks omitted).

*Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016) (internal citations modified).

Similarly, Plaintiff's claim against Knox for failure to properly train her subordinates is also inadequately pled. "[A] supervisory official is not liable under § 1983 for failure to train unless: (1) his [or her] failure to train amounts to deliberate indifference of the rights of persons his [or her] subordinates come

11

into contact with; and (2) the failure has actually caused the injury of which the plaintiff complains." *Estate of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 774 (11th Cir. 2016) (per curiam) (citing *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1052–53 (11th Cir. 2014)).   Plaintiff must show that Knox had "actual or constructive notice that a particular omission" in her training program caused her subordinates to violate Plaintiff's constitutional rights and, despite that notice, Knox "chose to retain the deficient training program." *Id.* (internal citations and quotation marks omitted).   "To establish that a supervisor had actual or constructive notice of the deficiency of training, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary.'" *Id.* (internal citations and quotation marks omitted).   There are no allegations in the Amended Complaint that would plausibly support a failure to train claim against Knox.

In addition, some of Plaintiff's requests for relief in the Amended Complaint are improper.   For example, Plaintiff asks for federal and state indictments, but "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).   Plaintiff also asks to be transferred to another institution, but courts generally will not interfere with matters of prison

administration, including an inmate's custody status or place of incarceration. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). Plaintiff further seeks an order compelling his medical records for the period of July 26, 2022 to the present, but discovery does not begin until the Court enters a scheduling order.[5]

Plaintiff also seeks the appointment of counsel. However, a plaintiff in a civil case does not have a constitutional right to counsel, even when indigent. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). Court have broad discretion in deciding whether to appoint counsel and should exercise that discretion only in "exceptional circumstances." *Bass*, 170 F.3d at 1320. The Court finds that Plaintiff is not entitled to the appointment of counsel at this time, but may reconsider his request if the circumstances change (e.g., if the case proceeds to a settlement conference or trial). Although Plaintiff has not yet drafted a

---

[5] As Plaintiff has not yet properly set forth his claims, it is premature to address his requests for injunctive and declaratory relief in the Amended Complaint.

proper complaint in this case, his pleadings in other cases demonstrate that he is able to litigate substantially similar claims on his own behalf.

If, after reviewing this Order, Plaintiff decides to proceed with this case, he must file a second amended complaint that complies with the following requirements:

1. The pleading must be marked, "Second Amended Complaint."

2. The pleading must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The pleading must legibly state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The pleading must include current addresses for each defendant.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). Plaintiff should concentrate his efforts on factually describing the actions or inactions of the named defendants which resulted in an alleged violation of his federally protected rights. Vague and conclusory statements are insufficient. Additionally, while background information may be helpful, Plaintiff should focus his factual allegations solely on the actions or inactions of the named Defendants. Dairy-like allegations are unhelpful and confuse the issues. The allegations must be stated in

14

numbered paragraphs, each limited to a single set of circumstances.[6]

6.    The claims raised in the second amended complaint must be related, meaning the claims must arise from the same basic issue or incident.  Plaintiff must choose one or more related claims to raise in the second amended complaint; any unrelated claims must be raised in a separate lawsuit.

7.    In section V, "Injuries," there must be a statement concerning how each defendant's action or omission injured Plaintiff.

8.    In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

9.    In section VII, "Exhaustion," Plaintiff must explain the steps he took to exhaust each claim.

10.   The second amended complaint must be complete, including all related claims Plaintiff wishes to raise, and must not refer back to his original complaint or the amended complaint.

Plaintiff is further advised that a district court may dismiss a case when a prisoner misrepresents his litigation history.  *See, e.g.*, *Jenkins v. Hutcheson*, 708 F. App'x 647, 648, 649 (11th Cir. 2018) (per curiam) (finding "the district

---

[6] Plaintiff may attach additional pages, if necessary, but the Court urges him to set forth the relevant facts and claims in the spaces provided in the Civil Rights Complaint Form.  If Plaintiff limits his claims to only those that are related, the spaces provided in the form should be more than sufficient.  In addition, he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

court was entitled to dismiss [the plaintiff's] complaint based on his failure to fully disclose his litigation history," even where the plaintiff's conduct was unintentional).  Plaintiff must list every lawsuit he has filed in state or federal court dealing with the same facts involved in this case or otherwise relating to the conditions of his imprisonment.  Failure to do so may result in the dismissal of this case for abuse of the judicial process.

Plaintiff must ensure that his handwriting is clear and readable. He must sign and date the second amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the second amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations.  He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims.  Knowingly making a

false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The second amended complaint will supersede both the initial Complaint and the Amended Complaint, and will become the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's second amended complaint must be complete, including all *related* claims he wishes to raise, and must not refer to the initial Complaint or the Amended Complaint.

Accordingly, it is

**ORDERED**:

1.     The Amended Complaint (Doc. 20) is **DISMISSED without prejudice**.

2.     If Plaintiff chooses to proceed with this case, he must file a second amended complaint that complies with the directives of this Order and all applicable rules and law **no later than November 4, 2024**.

3.     The **Clerk** shall send Plaintiff a civil rights complaint form.  If Plaintiff chooses to file a second amended complaint, he must use the enclosed form.  He must write this case number (3:23-cv-1125-BJD-SJH) and the words "Second Amended Complaint" on the first page.  If Plaintiff does not timely file

a second amended complaint, this case may be dismissed without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2024.

BRIAN J. DAVIS
United States District Judge

JAX-11 10/4
c:
James T. Murzike, #L07713

18