UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

Plaintiff,

v. Case No. 3:23-cv-1125-BJD-SJH

TIFANI S. KNOX, et al.,

Defendants.

---

**ORDER**

On October 8, 2024, the Court *sua sponte* dismissed Plaintiff's Amended Complaint without prejudice to filing a second amended complaint by November 4, 2024. *See* Doc. 23. The Court cautioned Plaintiff that if he did not timely comply, this case could be dismissed without further notice. *See id.* at 17–18. Plaintiff did not comply with the Court's Order. On November 14, 2024, the Court entered an Order directing Plaintiff, by December 13, 2024, to file a second amended complaint, and to show cause why this case should not be dismissed for failure to prosecute and failure to apprise the Court of his current address.[1] *See* Doc. 24. The Court again cautioned Plaintiff that failure to timely comply could result in the dismissal of this case without further notice. *See id.*

---

[1] The Court directed the Clerk to send both Orders (Docs. 23, 24) to Plaintiff's address at Union Correctional Institution. *See* Doc. 24 at 2.

at 2. When Plaintiff failed to comply, on January 6, 2025, the Court dismissed the case without prejudice for lack of prosecution. *See* Doc. 25. The same day, the Clerk entered judgment accordingly. *See* Doc. 26. On January 30, 2025, Plaintiff filed an Emergency Notice that Defendants were hindering his access to the courts,[2] which was stricken on January 31, 2025. *See* Docs. 28, 29. On August 18, 2026 (mailbox),[3] Plaintiff filed his present Motion for Relief from Judgment, Order, or Dismissal for "Excusable Neglect" under Federal Rule of Civil Procedure 60(b). *See* Docs. 31, 31-1. Plaintiff asks the Court to overturn the dismissal of this case "with an extension of time to prepare a proper response," because Plaintiff's personal "property has not been received yet." Doc. 31 at 1.

Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding. Fed. R. Civ. P. 60(c). "The purpose of a Rule 60(b) motion is to permit the district court to

---

[2] In the Emergency Notice, Plaintiff stated he was transferred on October 31, 2024 from Suwannee to Union Correctional Institution, where his personal property was destroyed; he notified the Court of his new address on November 4, 2024; and he filed an amended pleading and a response to the Court's Order to Show Cause on December 13, 2024. *See* Doc. 28 at 1–2. The docket does not support Plaintiff's assertions. Instead, it shows that after the Court dismissed the Amended Complaint, Plaintiff has not filed a second amended complaint, a response to the Order to Show Cause, or a notice of change of address.

[3] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

reconsider matters . . . as to correct obvious errors or injustices." *Anderson v. United States*, 159 F. App'x 936, 938 (11th Cir. 2005).[4] Specifically, Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although the Court may grant relief "for any other reason that justifies relief," "[r]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted).

Plaintiff has not timely or adequately shown that relief under Rule 60(b) is warranted. First, Plaintiff's Motion was filed over a year after the Clerk entered a judgment in this case. *See* Docs. 26, 31. Further, even ignoring the untimeliness, Plaintiff has not shown excusable neglect, or any other basis, to justify relief under Rule 60(b). Accepting Plaintiff's assertion that his legal

[4] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

paperwork was destroyed upon his transfer on or around October 31, 2024, *see* Doc. 28, Plaintiff still does not explain why he did not respond to the Court's Orders, which were forwarded to his new address, why he did not apprise the Court of his situation, or at a minimum, why he did not provide his current address. Plaintiff was cautioned twice—on October 8, 2024 and November 14, 2024—that failure to timely comply with the Court's Orders could result in the dismissal of this action without further notice. *See* Doc. 23 at 17–18; Doc. 24 at 2. These Orders were forwarded to Plaintiff at his new institution. *See* Doc. 24 at 2. Yet, Plaintiff did not file anything until after the case was dismissed, and then inexplicably waited over a year before filing the present Motion. Under these circumstances, Plaintiff's conclusory assertions of excusable neglect are insufficient to justify relief under Rule 60(b).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief from Judgment, Order, or Dismissal for "Excusable Neglect" under Federal Rule of Civil Procedure 60(b) (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 9th, 2026.

BRIAN J. DAVIS
United States District Judge

Jax-11
c:
James T. Murzike, #L07713